# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

IAN A. WOODS,

    Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 2:13-cv-01314-APG-CWH

**ORDER**

    Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed it pursuant to 28 U.S.C. § 1915A. The court will dismiss the Las Vegas Metropolitan Police Department from this action. The court will serve the complaint upon the remaining defendant for a response.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that defendant Quintana, an officer of the Las Vegas Metropolitan Police Department, violated his constitutional rights when Quintana arrested him on a charge of domestic violence. Defendant Quintana will need to respond to these claims.

Plaintiff has named the Las Vegas Metropolitan Police Department as a defendant, and he also has sued defendant Quintana in his official capacity. In Kentucky v. Graham 473 U.S. 159, 165 (1984), the Supreme Court clarified the distinction between official and personal capacity suits. The Court explained that while individual-capacity suits seek to impose personal liability upon a government official for actions performed under color of state law, official capacity actions generally represent another way "of suing an entity of which an officer is an agent." Id. (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)). In order to establish personal liability in a § 1983 action, a plaintiff must show that an individual, acting under color of state law, caused a deprivation of a federal right. Graham, 473 U.S. at 166. By contrast, in an official-capacity action, a plaintiff must demonstrate that a policy or custom of an entity contributed to the violation of a federal law. Id. In other words, "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690. None of the allegations in the complaint indicate that defendant Quintana acted in accordance with any such policy statement or other official decision of the Las Vegas Metropolitan Police Department. Consequently, the court will dismiss the Las Vegas Metropolitan Police Department and the official-capacity claim against defendant Quintana.

IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that defendant Las Vegas Metropolitan Police Department, and defendant Quintana in his official capacity only, are **DISMISSED** from this action for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the clerk of the court shall issue summons to the remaining named defendant and deliver same with a copy of the complaint to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from now onward, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: June 8, 2015.

ANDREW P. GORDON
United States District Judge