1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IAN WOODS,<br><br>                               Plaintiff,<br><br>         v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, RONALD QUINTANA,<br><br>                               Defendants. | Case No. 2:13-cv-01314-APG-CWH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(Dkt. #27) |

I previously screened plaintiff Ian Woods' civil rights complaint and dismissed the claims asserted against the Las Vegas Metropolitan Police Department and defendant Ronald Quintana in his official capacity. (Dkt. #23.)  Defendants' lawyers apparently did not read that Order, as they filed a motion seeking, among other things, to dismiss those same claims. (Dkt. #27.) Accordingly, the portion of the motion to dismiss aimed at the claims that I previously dismissed will be denied as moot.

Quintana's present motion also seeks dismissal of some of the remaining claims against him in his individual capacity, specifically those that assert violations of the Third, Eighth, and Fourteenth Amendments.  I will grant that motion in part.

Woods' complaint alleges violations of the Third Amendment.  In his response to the motion to dismiss, Woods acknowledges that he is no longer asserting claims under the Third Amendment.  Therefore, those claims will be dismissed.

In his motion, Quintana points out that the Eighth Amendment's prohibition of cruel and unusual punishment applies only to those serving sentences after being convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979); *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (983). The complaint references the Eighth Amendment in all six counts. (Dkt. #24 at 4-9.)  In his response to the motion to dismiss, Woods concedes that his Eight Amendment claim relates only to Count 2. (Dkt. #34 at 4:12-19.)  In Count 2, Woods contends that he was charged excessive

1  bail in violation of the Eighth Amendment.[1]  That claim can be maintained regardless of a

2  conviction.  But Woods' other claims of violations of the Eighth Amendment will be dismissed.

3  Finally, the complaint includes claims for violations of the Fourteenth Amendment.

4  Where a specific constitutional amendment provides the grounds for relief, there is no need for a

5  claim under the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 394-395 (1989);

6  *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996) overruled on other grounds by *Crown*

7  *Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856–57 (9th Cir. 2007).  Here, Woods'

8  allegations of improper search and seizure are covered by the Fourth Amendment. *Graham*, 490

9  U.S. at 394-395.  Therefore, the substantive due process clause of the Fourteenth Amendment is

10  not implicated.  Those claims will be dismissed.

11  IT IS HEREBY ORDERED that the defendants' motion to dismiss **(Dkt. #27) is**

12  **GRANTED IN PART AND DENIED IN PART**.  Count 6 is dismissed in its entirety.  The

13  portions of plaintiff's claims in Counts 1, 3, 4, and 5 that allege violations of the Third, Eighth,

14  and Fourteenth Amendments are DISMISSED.  Plaintiff may proceed with those portions of

15  Counts 1, 3, 4, and 5 that allege violations of the Fourth and Fifth Amendments.  Plaintiff also

16  may proceed with Count 2 to the extent it alleges violations of the Fourth and Eighth

17  Amendments.

18  Because plaintiff cannot assert valid claims under the Third, Eighth (cruel and unusual

19  punishment), and Fourteenth Amendments as a matter of law, his request to amend is denied.

20  Dated:  October 21, 2015.

21

22  ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

23

24

25

26  _____

27  [1] Woods alleges in both his complaint and his response to the motion to dismiss that Quintana set
the excessive bail. (Dkt. #24 at 5, 14, 15; Dkt. #34 at 4:12-19.)  It is not clear whether Quintana
was involved in setting the bail amount.  However, Quintana has offered no evidence that he was

28  not involved; nor has he moved to dismiss the claim for that reason.