1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

IAN A. WOODS,                                   )
                                                )
                        Plaintiff,              )        Case No.  2:13-cv-01314-APG-CWH
                                                )
vs.                                             )        **ORDER**
                                                )
R. QUINTANA,                                    )
                                                )
                        Defendant.              )
_____ )

Presently before the court is pro se Plaintiff Ian A. Woods' Motion for Disclosure of All Defendants Pursuant to F.R.A.P., Rule 7.1 (ECF No. 43), filed on October 26, 2015.  Defendant Ronald Quintana filed a response (ECF No. 47) on November 12, 2015.  Plaintiff did not file a reply.

Also before the court is Plaintiff's Request for an Enlargement of Time, on Scheduling Order, For Disclosure of All Defendant(s), to [File] Amended Complaint (ECF No. 45), filed on November 5, 2015.  Defendant filed a response (ECF No. 51) on November 20, 2015.  Plaintiff did not file a reply.

Also before the court is Defendant's Motion to Extend Discovery (ECF No. 46), filed on November 9, 2015.  Plaintiff did not file a response.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections.  Plaintiff brought this lawsuit alleging various civil rights claims against Defendant, who is employed by the Las Vegas Metropolitan Police Department, for incidents that allegedly occurred during Plaintiff's arrest.  The parties are familiar with the facts of this case, and the court will not repeat them here except where necessary.

/ / /

1

**I.      MOTION FOR DISCLOSURE OF ALL DEFENDANTS**

2

Plaintiff moves for disclosure under Federal Rule of Civil Procedure 7.1[1] of the names of

3

the Las Vegas Metropolitan Police Department officers who assisted Defendant with Plaintiff's

4

arrest and the search of Plaintiff's apartment, arguing he cannot amend his complaint until he has

5

these names.  Defendant responds that Plaintiff's motion actually is a written discovery request and

6

therefore should not have been filed with the court.  Regardless, Defendant states that he provided

7

Plaintiff with an "Incident Recall Sheet" that identifies several officers who were involved in

8

Plaintiff's arrest.  Defendant further states that any additional information Plaintiff seeks should be

9

sought through written discovery requests and not motions.

10

Federal Rule of Civil Procedure 7.1 requires nongovernmental corporate parties to file a

11

disclosure statement that either "identifies any parent corporation and any publicly held corporation

12

owning 10% or more of its stock" or "states that there is no such corporation."  Similarly, Local

13

Rule 7.1-1 requires nongovernmental parties to identify "in the disclosure statement required by

14

Fed. R. Civ. P. 7.1 all persons, associations of persons, firms, partnerships or corporations

15

including parent corporations" that have a "direct, pecuniary interest in the outcome of the case."

16

The purpose of these rules is to assist judges in evaluating possible disqualifications or recusal

17

based on financial conflicts of interest.  *See* Fed. R. Civ. P. 7.1 advisory committee's note to 2002

18

amendment; LR 7.1-1(a).  These rules are not intended to be used as a discovery mechanism.  *See*

19

*id.*  To the extent Plaintiff seeks information regarding the officers involved in his arrest, Plaintiff

20

must do so through written discovery requests.  Plaintiff further is advised that under Local Rule

21

26-8, discovery documents must not be filed with the court.  Given that Plaintiff may obtain the

22

information he is seeking through written discovery, the court will deny Plaintiff's motion for

23

disclosure of all defendants under Rule 7.1 as moot.

24

/ / /

25

/ / /

26

27

28

_____

[1]  Although Plaintiff cites Federal Rule of Appellate Procedure 7.1, because this filing was made in district court, the court understands Plaintiff to be citing Federal Rule of Civil Procedure 7.1.

## II.     MOTIONS TO EXTEND

Plaintiff moves to extend the deadlines in the court's scheduling order (ECF No. 41), arguing that good cause exists to extend the deadlines because he cannot amend his complaint until Defendant discloses the names of the officers who assisted Defendant with Plaintiff's arrest and the search of Plaintiff's apartment.  Plaintiff does not propose a new discovery schedule.  Instead, he requests that the court stay the current scheduling order until Defendant discloses the names of the other officers.  The court notes that Plaintiff subsequently filed a motion for leave to amend his complaint and a proposed amended complaint (ECF No. 48) on November 19, 2015.  Although it is not accompanied with a motion, Plaintiff also filed what appears to be a proposed second amended complaint (ECF No. 55) on November 25, 2015.

Defendant also moves to extend the discovery deadlines, stating that although Defendant's initial disclosures provided Plaintiff with some of the officer's names, it is likely Plaintiff will need to serve written discovery to determine what roles each officer played in Plaintiff's arrest and the search of Plaintiff's apartment.  Defendant also argues there is good cause to extend discovery because Defendant believes the majority of Plaintiff's claims are barred by *Heck v. Humphreys*. Defendant states that he has requested Plaintiff's justice court file to fully vet the *Heck v. Humphreys* issue, but that the process can take four to eight weeks to complete.  Defendant also states that if the court grants Plaintiff's motion to amend the complaint, which seeks to add four new defendants, additional discovery will be required.  Defendant therefore requests that the close of discovery, dispositive motions deadline, and joint pretrial order deadline be extended by three months.

For the reasons stated in the parties' motions, the court finds that good cause exists to extend the discovery deadlines in this case by three months.  The court therefore will grant the parties' motions to extend discovery.  The new discovery deadlines are included in the conclusion of this order.

## III.     CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Disclosure of All Defendants Pursuant to F.R.A.P., Rule 7.1 (ECF No. 43) is DENIED as moot.

3

IT IS FURTHER ORDERED that Plaintiff's Request for an Enlargement of Time, on Scheduling Order, For Disclosure of All Defendant(s), to [File] Amended Complaint (ECF No. 45) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Extend Discovery (ECF No. 46) is GRANTED.

IT IS FURTHER ORDERED that the court's scheduling order (ECF No. 41) is AMENDED as follows:

1. Motions to add parties or to amend the pleadings **November 25, 2015** (nunc pro tunc)

2. Discovery deadline **March 17, 2016**

3. Discovery motions **March 31, 2016**

4. Dispositive motions **April 18, 2016**

IT IS FURTHER ORDERED that the parties must file a proposed joint pretrial order on or before **May 16, 2016**. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions.

IT IS FURTHER ORDERED that extensions of discovery deadlines will not be allowed without a showing of good cause as to why all discovery was not completed within the time allotted. All motions or stipulations to extend discovery must be received by the court at least **21 days** before the expiration of the subject deadline. The motion or stipulation must include:

1. A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

2. A specific description of the discovery that remains to be completed;

3. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

4. A proposed schedule for the completion of all remaining discovery.

/ / /

/ / /

/ / /

/ / /

4

1    IT IS FURTHER ORDERED that the Clerk of Court must strike Plaintiff Ian A. Woods'

2  List of Persons Likely to Have Knowledge of Material Facts and Documents (ECF No. 54).

3  Plaintiff is advised that under Local Rule 26-8, discovery documents must not be filed with the

4  court, unless the court orders otherwise.

    DATED: December 22, 2015.

                                               _____
                                               **C.W. Hoffman, Jr.**
                                               **United States Magistrate Judge**

5