# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IAN WOODS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, RONALD QUINTANA,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-01314-APG-CWH<br><br>**ORDER (1) DENYING MOTION TO AMEND; (2) GRANTING MOTION TO DISMISS COUNT TWO; (3) DENYING MOTION TO COMPLETE SERVICE; and (4) GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(Dkt. Nos. 48, 52, 59, 60) |

I previously screened plaintiff Ian Woods' civil rights complaint and dismissed the claims asserted against the Las Vegas Metropolitan Police Department and defendant Ronald Quintana in his official capacity. (Dkt. #23.) I also dismissed Woods' claims under the Third and Fourteenth Amendments. (Dkt. #42.) However, I did not dismiss Woods' excessive bail claim against Quintana in count two. (*Id.*) Additionally, Woods' claims against Quintana under the Fourth and Fifth Amendments remain pending. (*Id.* at 2 (stating that Woods "may proceed with those portions of Counts 1, 3, 4, and 5 that allege violations of the Fourth and Fifth Amendments").)[1]

Woods now moves to amend his complaint to add as named defendants other officers who allegedly were involved in the events that are the subject of Woods' complaint. I deny this motion without prejudice because a proposed amended complaint must be complete in itself, and Woods may not incorporate by reference prior complaints filed in this action. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir.1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading

---

[1] Quintana thus is incorrect when he states in his motion to dismiss the second amended complaint that the only claim remaining against him is the Eighth Amendment claim in count two. (Dkt. #60 at 2.)

supersedes the original"). If Woods wants to move to amend his complaint, the proposed amended complaint must be attached to his motion to amend, and must contain all defendants, factual allegations, and claims that Woods wishes to pursue in this lawsuit. Woods must describe the identity of any Doe defendants and must make specific factual allegations as to each defendant he names in his proposed amended complaint.

Although I had not granted leave to file an amended complaint, Woods nevertheless filed a second amended complaint. (Dkt. #55.) Quintana moves to strike this filing as unauthorized. I grant that motion. Additionally, because I have not yet granted leave to add new defendants, I also deny Woods' motion to have the United States Marshal serve the proposed new defendants. The original complaint (Dkt. #24) remains the operative complaint in this action at this time.

Woods moves to voluntarily dismiss count two of his original complaint because he concedes he was not charged excessive bail. I grant that motion. Count two of the original complaint is dismissed.

IT IS THEREFORE ORDERED that plaintiff Ian Woods' motion to amend the complaint **(Dkt. #48) is DENIED** without prejudice.

IT IS FURTHER ORDERED that plaintiff Ian Woods' motion to dismiss count two of the complaint **(Dkt. #52) is GRANTED**. Count two of the original complaint is dismissed.

IT IS FURTHER ORDERED that plaintiff Ian Woods' motion for the United States Marshal to serve new defendants **(Dkt. #59) is DENIED**.

IT IS FURTHER ORDERED that defendant Ronald Quintana's motion to dismiss the second amended complaint **(Dkt. #60) is GRANTED**. The original complaint (Dkt. #24) remains the operative complaint in this action.

Dated: April 1, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE