**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IAN A. WOODS, ) | |
| Plaintiff, ) | Case No. 2:13-cv-01314-APG-CWH |
| vs. ) | **ORDER** |
| R. QUINTANA, ) | |
| Defendant. ) | |

Presently before the Court is pro se Plaintiff Ian A. Woods's filing titled Failure to Make Disclosure or Cooperate in Discovery; Sanctions Pursuant to F.R.C.P. Rule 37 (ECF No. 64), filed on March 14, 2016. Although it is not styled as a motion, given Plaintiff's pro se status, the Court will construe it as a motion. Defendant Ronald Quintana filed a response (ECF No. 65) on March 31, 2016. Plaintiff filed a reply (ECF No. 69) on April 11, 2016.

Also before the Court is Defendant's Motion to Extend Dispositive Motions Deadline (ECF No. 67), filed on April 12, 2016. Plaintiff's response to this motion is due on April 29, 2016.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections. Plaintiff brought this lawsuit alleging various civil rights claims against Defendant, who is employed by the Las Vegas Metropolitan Police Department ("Metro"), for incidents that allegedly occurred during Plaintiff's arrest. The parties are familiar with the facts of this case, and the Court will not repeat them here except where necessary.

**I.     MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

Plaintiff argues Defendant has failed to make disclosures and to cooperate in discovery. Specifically, Plaintiff argues Defendant failed to properly respond to three of his interrogatories and failed to produce various documents in response to his requests for production of documents.

1    Defendant responds that Plaintiff did not attempt to meet and confer with Defendant
2 regarding the dispute before filing his motion as required by Federal Rule of Civil Procedure 37(a).
3 Defendant argues that Plaintiff is aware of Rule 37(a)'s meet-and-confer requirement because
4 Plaintiff quotes the portion of the rule regarding the meet-and-confer requirement in his motion.
5 Defendant further argues that even if the Court considers Plaintiff's motion without required the
6 meet-and-confer certification, the Court should deny the motion because Defendant appropriately
7 responded to the discovery requests. Defendant states that Plaintiff is dissatisfied with the factual
8 content of Defendant's interrogatory responses as well as the fact that Defendant did not provide
9 "yes" or "no" responses to several of the interrogatories that Plaintiff thought should elicit a "yes"
10 or "no" response. Regarding the document requests, which relate to lawsuits and potential lawsuits
11 involving Metro over the last five years, Defendant argues he does not possess any documents or
12 information responsive to the requests and therefore stated that in his responses. According to
13 Defendant, he does not keep a record of, nor is he privy to, this information regarding Metro.

14    Plaintiff replies that he has in good faith conferred or attempted to confer with Defendant by
15 sending him interrogatories and requests for production of documents. Plaintiff reiterates that
16 Defendant did not provide satisfactory responses to his interrogatories. As for his document
17 requests, Plaintiff argues that because Defendant is employed by Metro, he should have access to
18 Metro's records.

19    Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, "a party may move for an
20 order compelling disclosure or discovery. The motion must include a certification that the movant
21 has in good faith conferred or attempted to confer with the person or party failing to make
22 disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 26-7(b)
23 states that "[d]iscovery motions will not be considered unless a statement of the movant is attached
24 thereto certifying that, after personal consultation and sincere effort to do so, the parties have been
25 unable to resolve the matter without Court action."

26    Here, Plaintiff does not provide the required statement certifying that he met and conferred
27 with Defendant's counsel in a good-faith attempt to resolve the discovery disputes at issue as
28 required by Rule 37(a)(1) and Local Rule 26-7(b). Generally, parties with discovery disputes are

required to conduct personal, two-way communication to attempt to resolve their disputes without court intervention. However, where one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or by exchanging letters. Although the format of the meet-and-confer process changes, the substance remains the same: namely, the parties must engage in a good-faith effort to meet and confer before seeking court intervention in any discovery dispute. Although Plaintiff argues in his reply that he attempted to meet and confer with the Defendant by sending him the discovery requests at issue, he does not provide any documentation indicating that he attempted to call Defendant's counsel to discuss the issues with the discovery responses or that he sent a letter explaining the issues with the responses. The Court therefore will deny Plaintiff's motion without prejudice for the parties to conduct an appropriate meet and confer to resolve their dispute.

## II. MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE

Defendant moves to extend the current dispositive motions deadline, April 18, 2016, by 30 days. Defendant argues excusable neglect exists for his failure to file his motion 21 days before the dispositive motions deadline because the procedural posture of the case has changed significantly in the past two weeks. Specifically, Defendant argues that before April 1, 2016, there was a pending motion to amend the complaint (ECF No. 48), Plaintiff had filed a second amended complaint (ECF No. 55) alleging new claims and adding new parties, Defendant had moved to dismiss the second amended complaint (ECF No. 60), and Plaintiff had attempted to serve discovery on the new parties although the Court had not ruled on the pending motion to amend.

On April 1, 2016, the Court entered an order denying Plaintiff's motion to amend and striking the second amended complaint, among other things. (Order (ECF No. 66).) Given that Plaintiff's motion to amend was denied without prejudice, Defendant argues it would be inefficient to file dispositive motions if Plaintiff intends to move for leave to amend his complaint again. Finally, Plaintiff argues that extending the dispositive motions deadline will not prejudice Defendant because it will afford him the opportunity to move to amend.

Under Rule 6(b)(1) of the Federal Rules of Civil Procedure, the Court may, for good cause, extend a deadline if the request is made before the deadline expires. Similarly, under Rule

16(b)(4), a deadline set forth in a scheduling order may be modified for good cause. The good cause inquiry focuses on the moving party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Local Rule 26-4 requires all motions to extend a deadline set forth in a scheduling order to be filed no later than 21 days before the expiration of the subject deadline.

Here, Defendant did not file his motion 21 days before the dispositive motions deadline. Part of the underlying rationale for Local Rule 26-4 is to avoid the situation in which the Court currently finds itself: having to attempt to decide a motion to extend a deadline before there has been time for the opposing party to respond to the motion. Regardless, given the recent activity in the case, the exigency of the request, the relatively short delay that will be occasioned to the case, and the fact that Plaintiff also will be provided with an extension of the dispositive motions deadline, the Court finds there is good cause to extend the deadline, even without an opposition from Plaintiff. Additionally, the extension of allows time for the parties to resolve the current discovery dispute and to supplement discovery responses, if necessary, before filing dispositive motions. The Court therefore will grant Defendant's motion to extend the dispositive motions deadline. Defendants' counsel is advised that any future motions to extend the deadlines in the scheduling order must be filed 21 days before the expiration of the subject deadline.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Ian Woods's filing titled Failure to Make Disclosure or Cooperate in Discovery; Sanctions Pursuant to F.R.C.P. Rule 37 (ECF No. 64) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant Ronald Quintana's Motion to Extend Dispositive Motions Deadline (ECF No. 67) is GRANTED. The dispositive motions deadline is extended to May 18, 2016.

DATED: April 15, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**