UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IAN WOODS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, RONALD QUINTANA,<br><br>　　　　　　Defendants. | Case No. 2:13-cv-01314-APG-CWH<br><br>**ORDER (1) DENYING MOTION FOR RECONSIDERATION; (2) DENYING MOTION TO AMEND; AND (3) GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 68, 71, 77) |

　　　　I previously screened plaintiff Ian Woods' civil rights complaint and dismissed the claims asserted against the Las Vegas Metropolitan Police Department and defendant Ronald Quintana in his official capacity. ECF No. 23. I also dismissed Woods' claims under the Third and Fourteenth Amendments. ECF No. 42. I did not dismiss Woods' excessive bail claim against Quintana in count two but Woods later agreed to dismiss that claim. *Id.*; ECF No. 66 at 2. As a result, the only remaining claims are the portions of Counts 1, 3, 4, and 5 that allege Quintana violated the Fourth and Fifth Amendments. ECF No. 42 at 2.

　　　　**A.  Motion for Reconsideration**

　　　　Woods moves for reconsideration of my prior order denying his motion to amend his complaint to add as named defendants other officers who allegedly were involved in the events that are the subject of Woods' complaint. I deny this motion because Woods offers no valid basis for reconsideration. As I explained in my prior order, a proposed amended complaint must be complete in itself and Woods may not incorporate by reference prior complaints filed in this action. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). His proposed amended complaint, which contained no substance and attempted to incorporate his original complaint, was defective and amendment thus was properly denied.

**B. Motion to Amend**

Woods again moves to amend his complaint. ECF No. 71-1 at 2, 4. He seeks to add the other officers who allegedly were involved in illegally searching his apartment and to add a new intentional infliction of emotional distress claim against Quintana. *Id.* at 4.

    1. Quintana

I deny this motion as to Quintana because Woods has not shown good cause to amend the scheduling order. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). The deadline to amend the pleadings was November 25, 2015. ECF No. 58 at 4. Woods has offered no reason why he waited until now to allege an emotional distress claim against Quintana. He has known Quintana's identity and the basis for his allegations against Quintana from the outset.

Even if Woods could show good cause to amend the scheduling order, I would exercise my discretion to deny leave to amend under Rule 15 as to Quintana. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (listing factors to consider as: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint")). Woods has unduly delayed amending and Quintana would be prejudiced. This case has proceeded through discovery and is at summary judgment. To allow amendment now to add a new claim would prejudice Quintana. Moreover, amendment would be futile. As explained below, Quintana is entitled to summary judgment because there is no evidence he violated Woods' constitutional rights. That same evidence shows Quintana did not engage in any outrageous conduct to support an intentional infliction of emotional distress claim.

    2. Proposed New Defendants

As to the proposed new defendants, Woods learned their identity shortly before the deadline to amend and he attempted to amend to add them. ECF No. 48. But his proposed amendment was defective because it attempted to incorporate his original complaint. After I denied this motion to amend, Woods promptly moved for amendment. ECF Nos. 66, 71. Even if

Woods' attempts could be considered diligence to allow amendment of the scheduling order, I deny amendment under Rule 15 as futile. Woods alleges the incident occurred on August 12, 2011. ECF No. 71-1 at 3. The applicable two-year statute of limitations thus expired long ago. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (explaining that Nevada's two-year limitations period for personal injury claims applies to federal claims under 42 U.S.C. § 1983). There is no basis to allow relation back to the original complaint under Federal Rule of Civil Procedure 15(c). Woods' original complaint gave no indication that anyone other than Quintana was involved in the alleged violations. *See* ECF No. 1-1. Thus, the proposed new defendants would not have known that, but for a mistake concerning identity, the action would have been brought against them. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1202 (9th Cir. 2014); *Costello v. Casler*, 254 P.3d 631, 634 (Nev. 2011). To allow amendment now, more than five years after the alleged incident, would prejudice the proposed new defendants. Moreover, as discussed below, Woods' claims against Quintana fail on the merits. There is no basis to conclude that Woods would raise triable issues of fact as to the proposed defendants. I therefore deny Woods' motion to amend.

### C. Summary Judgment

Quintana presents evidence that he had probable cause to arrest Woods for battery, that he had no personal participation in Woods being detained more than 12 hours after he delivered Woods to the Clark County Detention Center, that he did not search Woods' apartment, and that he did not forcibly enter Woods' apartment. ECF No. 77. Woods presents no argument or evidence in response. He therefore has failed to raise a genuine issue of material fact as to any of his remaining claims. *See, e.g.*, *Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (en banc) (plaintiff must show lack of probable cause to arrest to prevail on a § 1983 false arrest claim); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (defendant must personally participate in alleged rights deprivation to be liable under § 1983); *Georgia v. Randolph*, 547 U.S. 103, 106 (2006) ("The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably

believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained.").

### D. Conclusion

IT IS THEREFORE ORDERED that plaintiff Ian Woods' motion for reconsideration **(ECF No. 68) is DENIED**.

IT IS FURTHER ORDERED that plaintiff Ian Woods' motion to amend **(ECF No. 71) is DENIED**.

IT IS FURTHER ORDERED that defendant Ronald Quintana's motion for summary judgment **(ECF No. 77) is GRANTED**. The clerk of court is directed to enter judgment in favor of defendant Ronald Quintana and against plaintiff Ian Woods.

Dated: December 5, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE